R. H. BARHAM *vs.* JOSEPH B. GOMEZ & another.

Suffolk. March 19, 1889. — May 10, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Poor Debtor — Recognizance — Examination — Adjournment.*

The examination of a poor debtor, who had duly recognized, commenced on April 27, and the debtor and creditor during a temporary absence of the magistrate agreed in writing for a continuance of sixty days, which would carry the meeting to Sunday, June 26, and went away, leaving the agreement upon the magistrate's desk. The magistrate upon his return entered upon his docket, " Cont'd 60 days, to June 25, 10 A.M." On Saturday, June 25, after timely notice to both parties that the adjournment was till that day, the debtor duly appeared, and was discharged. *Held*, that there was no breach of the recognizance.

CONTRACT upon a poor debtor's recognizance, entered into by the first named defendant as principal and by the other defendant as surety, and conditioned among other things that Gomez, who was duly arrested on execution on March 24, 1887, should within thirty days from the day of his arrest duly deliver himself up for examination before some competent magistrate. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on an agreed statement of facts, the substance of which appears in the opinion.

*F. M. Copeland*, for the plaintiff.

*B. Hall*, for the defendants.

MORTON, C. J. Upon the facts of this case, there was no breach of the recognizance. The creditor, having received due

notice, was present at the place appointed for the examination of the debtor on April 27, 1887, and the examination was commenced. The magistrate during the hearing went away on business. During his temporary absence the creditor and the debtor agreed in writing that the case might be continued for sixty days, left the agreement upon the magistrate's desk, and went away. This departure of the debtor was with the consent of the creditor, was subsequently assented to by the magistrate, and the creditor cannot, without dishonesty, insist upon it as a breach of the recognizance. Upon the magistrate's return he entered upon his docket the following: " Cont'd 60 days, to June 25, 10 A. M." A continuance for sixty days would carry the meeting to June 26, which was Sunday. There is a discrepancy in the entry, but we think that the precise and definite specification of the time of the adjourned meeting, " June 25, 10 A. M.," must control the misdescription of it as being sixty days after the entry was made, and that there is a sufficient record of an adjournment to that day.

It is plain that the magistrate intended to fix that day, and he alone had the right to make the adjournment. The parties had no right to fix the day of the adjourned hearing, and their agreement on a day is not material, except that it estops the creditor from claiming that their departure put an end to the proceedings, and ousted the magistrate of his jurisdiction. In returning and finding the agreement of the parties, it would have been unjust for the magistrate to take no action, and thus, against the intention of the parties, to expose the debtor and his sureties to the penalties of a breach of the recognizance ; he had the right to adjourn to a future day, and therefore his adjournment to June 25 was legal. Both parties by the use of proper diligence could have ascertained the day fixed by him for the future hearing. In fact, both parties had timely notice of it. The creditor had the opportunity to appear and continue his examination of the debtor, but chose to rely upon what he considered a technical breach of the recognizance. The debtor duly appeared, and was discharged. This was all his recognizance required him to do.

*Judgment for the defendants affirmed.*